Granite City Lime & Cement Company, Appellee, v.
Hanover Fire Insurance Company of New York,
Appellant.

### (Not to be reported in full.)

Appeal from the Circuit Court of Madison county; the Hon.
William E. Hadley, Judge, presiding. Heard in this court at the
October term, 1914. Affirmed. Opinion filed May 1, 1915.

## Statement of the Case.

Action in assumpsit by the Granite City Lime &
Cement Company against the Hanover Fire Insurance
Company of New York, upon a policy of fire insurance
covering certain machinery while located and con-
tained in a building on Lot 1, Block 94, of Granite City,
and not elsewhere.

The evidence showed that the property described
was subsequently removed by plaintiff from the
location mentioned in the policy to a building in Block
43 of Granite City. The evidence whether such re-
moval was consented to by the defendant's local agent
was conflicting. Plaintiff claimed that on or about
the date of the removal of the property and prior to
its destruction by fire, it notified defendant's agent
who issued said policy that the property had been re-
moved and was then located and situated on Block 43,
and was advised by the agent that in consideration of
the plaintiff foregoing its right to cancel the policy and
to have the unearned portion of the premium returned,
that the defendant would consent to the removal of the
property to the new location, and that that policy
would then cover the property the same as in the or-
iginal location, and that defendant through its agent
would indorse such consent, authority and agreement
upon the policy; that the policy was in the possession
of defendant's agent at Granite City, and was left with

him for the purpose of making such indorsement, and that the plaintiff relied upon defendant's agent to make the indorsement thereon; that the policy was never returned to plaintiff; and that up to the time of the fire, so far as plaintiff was informed, the necessary indorsement had not been made as agreed upon, and that the policy continued in the possession of defendant.

The defendant denied liability for destruction of the property in Block 43. A trial resulted in a verdict for plaintiff, and judgment for $1,248.33, from which the defendant appeals.

Warnock, Williamson & Burroughs and Barger & Hicks for appellant; C. O. Carlson, of counsel.

Terry, Gueltig & Powell, for appellee.

Mr. Justice Harris delivered the opinion of the court.

### Abstract of the Decision.

1. Insurance, § 655*—*when copy of policy admissible in evidence.* A copy of fire insurance was properly admitted in evidence in an action for a loss, under a declaration alleging that the policy was in the possession of the defendant, who failed to produce it on notice, where the plaintiff's evidence tended to show that the original was left with the defendant's agent, and that it could not be found among the plaintiff's effects after diligent search.

2. Insurance, § 620a*—*when evidence admissible of rate in changed location.* In an action to recover on a policy of fire insurance, where the defense was the removal of insured chattels from a designated location without the consent of the insurer, the admission, on behalf of the plaintiff, of evidence that the rate was lower in the new location, *held* harmless error.

3. Insurance, § 653*—*evidence as to amount of loss.* In an action on a policy of fire insurance, a person employed as secretary and treasurer by the insured for eleven years, *held* competent to testify as to what goods were destroyed, and their value.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. INSURANCE, § 653*—*when salvage value of destroyed property does not affect amount of damage.* In an action on a policy of fire insurance, the evidence *held* to show that destroyed goods had no salvage value which should have been taken in consideration in fixing damages.

5. INSURANCE, § 659a*—*sufficiency of evidence in action of fire insurance policy.* A request to peremptorily instruct the jury to find for the defendant *held* properly refused in an action on a policy of fire insurance, where the evidence tended to show that the insurer consented to the removal of insured chattels to the building in which they were destroyed.

6. APPEAL AND ERROR, § 1411*—*when judgment on conflicting evidence not disturbed.* When the evidence is conflicting the Appellate Court will not disturb a judgment because against the weight of the evidence, where the jury gave credit to the testimony of one party's witnesses rather than to those of the other party, which the trial court affirmed by denying a motion for a new trial.

7. APPEAL AND ERROR, § 1514*—*when improper argument not reversible error.* An improper argument of the plaintiff's counsel to the jury does not constitute reversible error, where it is evident that it did not influence the jury in awarding damages.

8. INSTRUCTIONS, § 151*—*when refusal of requested instruction not error.* The refusal of instructions requested by a party is not reversible error, where other instructions given at his request substantially cover the same ground, although not as favorable to him as those refused.

9. INSURANCE, § 702*—*when interest recoverable on policy.* Interest is recoverable on a policy of fire insurance where the insurer does not pay a loss within sixty days after receipt of proof of loss as stipulated in the contract.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.